**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| GRUNT STYLE, LLC, and CHRISTOPHER DIXON, | ) ) | |
| | ) | |
| Defendants. | ) | |

<u>**COMPLAINT FOR DECLARATORY JUDGMENT**</u>

NOW COME Plaintiffs, HARTFORD UNDERWRITERS INSURANCE COMPANY ("Hartford Underwriters") and HARTFORD CASUALTY INSURANCE COMPANY ("Hartford Casualty") (collectively, "The Hartford"), by their attorneys, Michael J. Duffy and Mark J. Sliwinski of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and for their Complaint for Declaratory Judgment against Defendants, GRUNT STYLE, LLC ("Grunt Style") and CHRISTOPHER DIXON ("Dixon"), state as follows:

<u>**STATEMENT OF CASE**</u>

1.      This action seeks a declaration The Hartford owes no insurance coverage obligations to Grunt Style in connection with claims asserted against it in a putative class action lawsuit entitled *Christopher Dixon, individually and on behalf of all others similarly situated v. Grunt Style, LLC*, Case No.: 2019 CH 01981, currently pending in the Circuit Court of Cook County, Illinois (the "Underlying Action").

1

## THE PARTIES

2.      Hartford Underwriters is an insurance company existing under the laws of Connecticut with its principal place of business in Connecticut.  Hartford Underwriters conducts business in Illinois and within the geographical boundaries of this District.

3.      Hartford Casualty is an insurance company existing under the laws of Connecticut with its principal place of business in Connecticut.  Hartford Casualty conducts business in Illinois and within the geographical boundaries of this District.

4.      Grunt Style is an Illinois Limited Liability Company with its principal place of business in the State of Illinois.  Grunt Style conducts business within the geographical boundaries of this District and seeks coverage for the Underlying Action, which is pending within the geographical boundaries of this District.  The members of Grunt Style are not citizens of Connecticut.

5.      Dixon is a resident and citizen of the State of Illinois.  Dixon filed the Underlying Action against Grunt Style in the Circuit Court of Cook County, Illinois, for which insurance is sought by Grunt Style from The Hartford.  Dixon is joined solely as an interested party to be bound by the judgment of this Court.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the case concerns insurance coverage for a suit pending within the geographical boundaries of this District, Defendants reside in this District, and the parties conduct business in this District.

2738118v.1

## FACTS

8.      On February 14, 2019, Dixon filed the Class Action Complaint in the Underlying Action against Grunt Style.  A copy of Dixon's Class Action Complaint in the Underlying Action is attached hereto as Exhibit A.

9.      The Underlying Action concerns Grunt Style's alleged violations of certain statutorily protected rights under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").

10.      Hartford Underwriters issued a liability insurance policy to Grunt Style bearing Policy Number 83 UUN EB2189 effective for the Policy Period of October 26, 2018 to October 26, 2019 (the "Policy").  A copy of the Policy is attached hereto as Exhibit B.

11.      The commercial general liability coverage ("CGL") of the Hartford Underwriters' Policy provides, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at out discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

*       *       *

3

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

\*       \*       \*

## 2.  Exclusions

This insurance does not apply to:

### a.  Expected Or Intended Injury

"Bodily Injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\*       \*       \*

### e.  Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:
(a) Employment by the insured; or
(b) Performing duties related to the conduct of the insured's business; or
(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; or
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\*       \*       \*

4

### p. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability

Damages arising out of:

(1) any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information;

(2) the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

### q. Employment-Related Practices

"Bodily injury" to:

(1) A person arising out of any "employment-related practices"; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any "employment-related practices" are directed.

This exclusion applies:

(1) whether the injury-causing event described in the definition of "employment-related practices" occurs before employment, during employment or after employment of that person;

(2) whether the insured may be liable as an employer or in any other capacity; and

5

(3) to any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*      \*      \*

**s.  Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution or material or information.

\*      \*      \*

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at out discretion, investigate any offense and settle any claim or "suit" that may result.  But:

\*      \*      \*

b. This insurance applies to "personal and advertising injury' caused by an offense arising out of your business but only if

6

the offense was committed in the "coverage territory" during the policy period.

**2.      Exclusions**

This insurance does not apply to:

   **a.    Knowing Violation Of Rights Of Another**

   "Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

*      *      *

   **c.    Material Published Prior To Policy Period**

   "Personal and advertising injury" arising out of a oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the policy period.

*      *      *

   **q.  Right Of Privacy Created By Statute**

   "Personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

   However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act.

*      *      *

   **t.    Recording And Distribution Of Material Or Information In Violation Of Law**

   "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

   (1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
   (2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

7

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution or material or information.

### u. Employment-Related Practices

"Personal and advertising injury" to:

(1) A person arising out of any "employment-related practices"; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any "employment related practices" are directed.[1]

\* \* \*

### w. Access Or Disclosure Of Confidential Or Personal Information

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

\* \* \*

## SECTION V – DEFINITIONS

---

[1]        Amended by Form HG 01 03 06 06.

8

\*       \*       \*

5. **"Bodily injury"** means physical:

    a.  Injury;

    b.  Sickness; or

    c.  Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*       \*       \*

8. **"Employment-Related Practices"** means:

    a.  Refusal to employ that person;

    b.  Termination of that person's employment; or

    c.  Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person.

\*       \*       \*

16. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. **"Personal and advertising injury"** means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    a.  False arrest, detention or imprisonment;

    b.  Malicious prosecution;

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.  Oral, written or electronic publication, in any manner, of material that slanders or libels a person or organization or

disparages a person's or organization's goods, products or services;

e. Oral, written or electronic publication, in any manner, of material that violates a person's right of privacy;

f. Copying, in your "advertisement" or on "your web site", a person's or organization's "advertising idea" or style of "advertisement"; or

g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement" or on "your web site";[2]

h. Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person, provided that such discrimination is not committed by or at your direction, or the direction of any partner, member, manager, "executive officer", director, stockholder or trustee of the insured.[3]

As used in this definition, oral, written or electronic publication includes publication of material in your care, custody or control by someone not authorized to access or distribute that material.[4]

*       *       *

20. **"Property damage"** means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, computerized or electronically stored data, programs or software are not tangible property. Electronic data means information, facts or programs:

a. stored as or on;
b. created or used on; or

---

[2] Amended by Form HC 00 88 09 16.

[3] Added by Form HC 30 06 09 16.

[4] Added by Form HC 00 88 09 16

10

   c.  transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*     \*     \*

12.    The Hartford Underwriters' Policy also contains certain Data Breach Defense And Liability Coverage ("Data Breach"), which, in part, provides:

### PART II – DATA BREACH DEFENSE AND LIABILITY

\*     \*     \*

### SECTION A – COVERAGES

### DATA BREACH DEFENSE AND LIABILITY

**1.  Insuring Agreement**

a.  We will pay, on behalf of the insured, for "loss" resulting from a "data breach claim" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" that results from a "data breach claim".  However, we will have no duty to defend the insured against any "suit" resulting from any "data breach claim" to which this insurance does not apply. We may, at our discretion, investigate any "data breach" and settle any "data breach claim" or suit" that may result.  But:

\*     \*     \*

b.  This insurance applies to "loss" only if:

(1) The "data breach claim" arises out of a "data breach" that takes place in the "coverage territory";

(2) The "data breach" occurs on or after the "retroactive date" and before the end of the "policy period";

(3) A "data breach claim" is first made against any insured, in accordance with Paragraph (4) below, during the "policy period" or any Extended Reporting Period we provide under Section E – Extended Reporting Periods; and

\*     \*     \*

11

**2.**     **Exclusions**

Additional exclusions applicable to this coverage are located in Section **A – Exclusions**, under Part III – Terms And Conditions Common To Parts I and II.  The exclusions that follow only apply to Part II.

This insurance does not apply to "loss":

**a.**   Arising out of bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. This exclusion does not apply to claims alleging mental injury, mental tension, mental anguish or emotional distress as a result of a covered "data breach claim".

**b.**   Arising out of "property damage" or "personal and advertising injury".

*      *      *

**e.**   Arising out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution or material or information.

*      *      *

**g.**   In connection with any injury or damage alleged by:

(1) a person arising out of any:

(a)     Refusal to employ that person;

(b)     Termination of that person's employment; or

(c)     Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

12

(2) The spouse, child, parent, brother or sister of that person as a consequence of injury to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is described.

This exclusion applies:

(1) Whether the injury-causing event described in Paragraphs (a), (b), or (c) above occurs before employment, during employment or after employment of that person;

(2) Whether the insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury;

\*       \*       \*

## SECTION F – DEFINITIONS

Additional definitions applicable to this coverage are located in Section **D** – Definitions, under Part III – Terms And Conditions Common To Parts I and II.  The definitions that follow only apply to Part II.

\*       \*       \*

2. "Data breach claim" means a written demand for monetary or non-monetary relief based upon a "data breach" or "suit" against an insured commenced by the filing of a complaint, indictment or similar document, seeking monetary or non-monetary relief based upon a "data breach".

3. "Loss" means civil awards, settlements and judgments (including any award) that you are legally obligated to pay as a result of a "data breach claim".  "Loss" does not include fines, penalties or punitive damages, the cost of non-monetary relief or any amounts for matters deemed uninsurable pursuant to applicable law.

\*       \*       \*

## PART III – TERMS AND CONDITIONS COMMON TO PARTS I AND II

\*       \*       \*

## SECTION A – EXCLUSIONS

13

The exclusions that follow apply to both Parts I and II of this Coverage Part.

This insurance does not apply to:

\*        \*        \*

**5.**  "Data breach expenses" or "loss" arising out of a failure to comply with any state, federal or self-regulatory requirement around minimum data security standards or requirements.

\*        \*        \*

**SECTION D – DEFINITIONS**

The definitions that follow apply to both Parts I and II of this Coverage Part.

1.  "Data breach" means the loss, theft, accidental release or accidental publication of "personally identifiable information", or circumstances objectively giving rise to a substantial risk that such a loss, theft, release or publication has occurred.
2.  "Personally identifiable information" means an individual's:
    a.  Social Security number;
    b.  Driver's license number;
    c.  Fingerprints or other biometric data used to verify the identity of that individual;
    d.  Bank, brokerage, credit union or similar account numbers;
    e.  Credit or debit account numbers; or
    f.  Patient medical history, including any diagnosis received and a listing of medications prescribed.

"Personally identifiable information includes" the transaction history, PIN numbers or passwords connected with any of the accounts described above, or any other applicable private information that may be defined by or protected under state or federal law.

\*        \*        \*

13.    Hartford Casualty issued an umbrella insurance policy to Grunt Style bearing

Policy Number 83 XHU EB1943 effective for the Policy Period of October 26, 2018 to October

26, 2019 (the "Umbrella Policy"), which provides certain umbrella coverage over the CGL

14

coverage part of the Hartford Underwriters' Policy. A copy of the Umbrella Policy is attached hereto as Exhibit C.

        14.     The Hartford Casualty Umbrella Policy, provides, in part, as follows:

**UMBRELLA LIABILITY POLICY PROVISIONS**

\*      \*      \*

**SECTION I – COVERAGES**

**INSURING AGREEMENTS**

    **A.**    **Umbrella Liability Insurance**

        1.     We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence." But, the amount we will pay as "damages" is limited as described in **Section IV – LIMITS OF INSURANCE.**

               No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – INVESTIGATION, DEFENSE, SETTLEMENT.**

        2.     This insurance applies to "bodily injury," "property damage" or "personal and advertising injury" only if:

            a.     The "bodily injury," "property damage" or "personal and advertising injury" occurs during the "policy period"; and

\*      \*      \*

    **B.**    **Exclusions**

    This policy does not apply to:

\*      \*      \*

        **4.**     **Personal and Advertising Injury**

15

This policy does not apply to "personal and advertising injury."

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance," but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply.

Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

5.  **Underlying Insurance**

Any injury or damage:

a.  Covered by "underlying insurance" but for any defense which any underlying insurer may assert because of the "insured's" failure to comply with any condition of its policy; or

b.  For which "damages" would have been payable by "underlying insurance" but for the actual or alleged insolvency or financial impairment of an underlying insurer.

\*       \*       \*

14.  **Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\*       \*       \*

18.  **Employment Practices Liability**

16

a.    Any injury or damage to:

(1) A person arising out of any:
    (a) Refusal to employ that person;
    (b) Termination of that person's employment; or
    (c) Employment-related practices, policies, acts or omissions, such as but not limited to: coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

(2) The spouse, child, parent, brother or sister of that person, as a consequence of any injury or damage to that person at whom any of the employment-related practices described in paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

i.    whether the injury-causing event described in part (1) above occurs before employment, during employment or after employment of that person;

ii.    whether the insured may be liable as an employer or in any other capacity; and

iii.    to any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*    \*    \*

## 22. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability

Damages arising out of:

a.    any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial

information, credit card information, health information or any other type of nonpublic information; or

b. the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

## 23. Limited Underlying Coverage

Any injury, damage, loss, cost or expense, including but not limited to "bodily injury", "property damage" or "personal and advertising injury" for which:

**a.** an "underlying insurance" policy or policies specifically provides coverage; but

**b.** because of a provision within the "underlying insurance" such coverage is provided at a limit or limits of insurance that are less than the limit(s) for the "underlying insurance" policy or policies shown on the Schedule of Underlying Insurance Policies.

\*      \*      \*

## 24. Recording And Distribution Of Material Or Information In Violation Of Law

Any injury, damage, loss, cost or expense, including but not limited to "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

18

    **b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

    **c.** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

    **d.** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution or material or information.

\*    \*    \*

## SECTION VII – DEFINITIONS

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

**"Damages"** means the monetary amount awarded against the "Insured" on that part of the judgment we pay.

"Damages" do not include:

1. Fines;
2. Prejudgment interest;
3. Penalties; or
4. Damages for which insurance is prohibited by the law applicable to the construction of this policy.

    Subject to the foregoing, "damages" include damages for any of the following which result at any time from "bodily injury" to which this policy applies:

1. Death;
2. Mental anguish;
3. Shock;
4. Disability; or
5. Care and loss of services or consortium[5]

\*    \*    \*

---

[5]    Amended by Form XL 02 31 11 13

**"Occurrence"** means

1.  With respect to "bodily injury" or "property damage": an accident, including continuous or repeated exposure to substantially the same general harmful conditions, and
2.  With respect to "personal and advertising injury": an offense described in one of the numbered subdivisions of that definition in the "underlying insurance".

\*    \*    \*

15.     On or about March 8, 2019, Grunt Style tendered the Underlying Action to The Hartford for defense and indemnity.

16.     The Hartford denies it owes Grunt Style any defense or indemnity obligation with respect to the claims in the Underlying Action under the Hartford Underwriters' Policy and the Hartford Casualty Umbrella Policy (collectively, the "Policies").

17.     An actual and justiciable controversy exists between The Hartford, on the one hand, and Grunt Style, on the other hand, as to the availability of insurance coverage for Grunt Style with respect to the claims in the Underlying Action under the Policies, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## No "Bodily Injury" or "Property Damage" Caused by an "Occurrence"

18.     The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19.     Subject to all of their terms, the Policies provide coverage for damages because of "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined in the Policies.

20.     The Underlying Action does not concern claims for damages because of "bodily injury" or "property damage" caused by an "occurrence."

21.     Accordingly, The Hartford does not owe any defense or indemnity obligations to Grunt Style under the "bodily injury" or "property damage" coverage parts of the Policies for the claims in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.     A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

<u>**COUNT II**</u>
<u>**No "Bodily Injury" or "Property Damage" Caused by an "Occurrence" During the Policy Period**</u>

22.     The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

23.     Subject to all of their terms, the Policies provide coverage for damages because of "bodily injury" or "property damage" caused by an "occurrence" during the policy period, as those terms are defined and used in the Policies.

24.     To the extent the Underlying Action concerns claims for damages because of "bodily injury" or "property damage" caused by an "occurrence," said "bodily injury" or "property damage" did not occur during the policy period.

25.     Therefore, The Hartford does not owe any defense or indemnity obligations to Grunt Style under the "bodily injury" or "property damage" coverage parts of the Policies for the claims in the Underlying Action.

21

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A. A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT III
## No "Personal and Advertising Injury"

26. The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

27. Subject to all of their terms, the Policies provide coverage for damages because of "personal and advertising injury," as that term is defined in the Policies.

28. The Underlying Action does not concern claims for damages because of "personal and advertising injury."

29. As such, The Hartford does not owe any defense or indemnity obligations to Grunt Style under the "personal and advertising injury" coverage part of the Policies for the claims against in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A. A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

<u>**COUNT IV**</u>
<u>**No "Personal and Advertising Injury" Caused by an Offense During the Policy Period**</u>

30.    The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

31.    Subject to all of their terms, the Policies provide coverage for damages because of "personal and advertising injury" caused by an offense during the policy period, as that term is defined and used in the Policies.

32.    To the extent the Underlying Action concerns claims for damages because of "personal and advertising injury" caused by an offense, said "personal and advertising injury" did not occur during the policy period.

33.    Consequently, The Hartford does not owe any defense or indemnity obligations to Grunt Style under the "personal and advertising injury" coverage part of the Policies for the claims against it in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.    A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.    For all such just and equitable relief, including costs of this suit.

<u>**COUNT V**</u>
<u>**No "Data Breach Claim"**</u>

34.    Hartford Underwriters incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

35.    Subject to all of its terms, the Policy provides coverage for "loss" resulting from a "data breach claim," as those terms are defined in the Policy.

23

36.     The Underlying Action does not concern "loss" resulting from a "data breach claim."

37.     Therefore, Hartford Underwriters does not owe any defense or indemnity obligations to Grunt Style under the Data Breach coverage part of the Policy for the claims against in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Hartford Underwriters owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policy; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT VI
## No "Data Breach"

38.     Hartford Underwriters incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

39.     Subject to all of its terms, the Policy provides coverage for "loss" resulting from a "data breach claim" for a "data breach," as those terms are defined in the Policy.

40.     The Underlying Action does not concern a "data breach."

41.     As such, Hartford Underwriters does not owe any defense or indemnity obligations to Grunt Style under the Data Breach coverage part of the Policy for the claims against in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Hartford Underwriters owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policy; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT VII
## No "Data Breach" Occurring On or After The "Retroactive Date"

42.      Hartford Underwriters incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

43.      Subject to all of its terms, the Policy provides coverage for "loss" resulting from a "data breach claim" for a "data breach" occurring on or after the "retroactive date," as those terms are defined in the Policy.

44.      To the extent the Underlying Action concerns "loss" resulting from a "data breach claim" for a "data breach," said "data breach" occurred before the "retroactive date."

45.      Consequently, Hartford Underwriters does not owe any defense or indemnity obligations to Grunt Style under the Data Breach coverage part of the Policy for the claims against in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Hartford Underwriters owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policy; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT VIII
## The Data Breach Coverage Part's "Personal And Advertising Injury" Exclusion Bars Coverage

46.      Hartford Underwriters incorporate and restate the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

47.      The Personal And Advertising Injury Exclusion bars coverage for "loss" arising out of "personal and advertising injury," as those terms are defined in the Policy.

2738118v.1

48.     To the extent the Underlying Action concerns "loss" resulting from a "data breach claim" for a "data breach," and/or "personal and advertising injury," the Personal And Advertising Injury Exclusion applies to bar coverage.

49.     Accordingly, Hartford Underwriters does not owe any defense or indemnity obligations to Grunt Style under the Data Breach coverage part of the Policy for the claims against in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, prays this Court enter the following relief:

A.      A declaration finding Hartford Underwriters owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policy; and

B.      For all such just and equitable relief, including costs of this suit.

### COUNT IX
### The Material Published Prior To Policy Period Exclusion Bars Coverage

50.     The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

51.     The Material Published Prior To Policy Period Exclusion in the Policies bars coverage for any "personal and advertising injury" arising out of oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the policy period.

52.     To the extent the Underlying Action concerns claims for damages because of "personal and advertising injury" caused by an offense, said "personal and advertising injury" arose out of publication of material that first occurred before the beginning of the policy period.

53. Accordingly, The Hartford has no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the "personal and advertising injury" coverage part of the Policies.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A. A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT X
### The Expected Or Intended Injury Exclusions Bar Coverage

54. The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

55. The Expected or Intended Injury Exclusions in the Policies bar coverage for any "bodily injury" or "property damage" which is expected or intended from the standpoint of the insured.

56. The Expected or Intended Injury Exclusions in the Policies also bar coverage for any "personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

57. To the extent any injury or damage for "bodily injury", "property damage" or "personal and advertising injury" is alleged in the Underlying Action, the Expected or Intended Injury Exclusions bar coverage.

58. As such, The Hartford has no duty to defend or indemnify Grunt Style under these coverage parts of the Policies with respect to the claims in the Underlying Action.

27

2738118v.1

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.      A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT XI
### The Employer's Liability Exclusion Bars Coverage

59.     The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

60.     The Employer's Liability Exclusions in the Policies bar coverage for any "bodily injury" to an "employee" of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business.

61.     To the extent any injury or damage for "bodily injury" is alleged in the Underlying Action, the Employer's Liability Exclusion bars coverage.

62.     Therefore, The Hartford has no duty under the "bodily injury" coverage part of the Policies to defend or indemnify Grunt Style for the claims against it in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.      A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

2738118v.1

## COUNT XII
### The Access or Disclosure Of Confidential Or Personal Information And Data-related Liability Exclusions Bar Coverage

63.     The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

64.     The Access or Disclosure Of Confidential Or Personal Information And Data-related Liability Exclusion in the Policies bars coverage for any damages arising out of any access to or disclosure of any person's or organization's confidential or personal information.

65.     The Access Or Disclosure Of Confidential Or Personal Information Exclusion in the Policies also bars coverage for any "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information.

66.     To the extent there are any damages or "personal and advertising injury" at issue in the Underlying Action, the Access or Disclosure Of Confidential Or Personal Information And Data-related Liability Exclusions bar coverage.

67.     As such, The Hartford has no duty to defend or indemnify Grunt Style under these coverage parts of the Policies with respect to the claims in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.     A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT XIII
### The Employment-Related Practices Exclusions Bar Coverage

68.     The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

2738118v.1

69.     The Employment-Related Practices Exclusion in the Policies bars coverage for "bodily injury" to a person arising out of any "employment-related practices," as those terms are defined under the Policies.

70.     The Employment-Related Practices Exclusion in the Policies also bars coverage for "personal and advertising injury" to a person arising out of any "employment-related practices," as those terms are defined under the Policies.

71.     The Employment-Related Practices Exclusion in the Policy further bars coverage for "loss" in connection with any injury or damage alleged by a person arising out of employment-related practices, policies, acts or omissions, as those terms are defined under the Policy.

72.     To the extent there is any "bodily injury," "personal and advertising injury," or "data breach" at issue in the Underlying Action, the Employment-Related Practices Exclusions bar coverage.

73.     Consequently, The Hartford has no duty under the "bodily injury", "personal and advertising injury", or Data Breach coverage parts of the Policies to defend or indemnify Grunt Style for the claims against it in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.      A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

2738118v.1

<u>**COUNT XIV**</u>
<u>**The Recording And Distribution Of Material Or Information In Violation Of Law**</u>
<u>**Exclusions Bar Coverage**</u>

74.     The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

75.     The Recording And Distribution Of Material Or Information In Violation Of Law Exclusion in the Policies bars coverage for "bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

76.     The Recording And Distribution Of Material Or Information In Violation Of Law Exclusion also bars coverage for "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

77.     The Recording And Distribution Of Material Or Information In Violation Of Law Exclusion further bars coverage for "loss" arising out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 and their amendments and additions, that addresses, prohibits or limits

31

the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

78.      To the extent there is any "bodily injury," "property damage," "personal and advertising injury," or "data breach" at issue in the Underlying Action, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusions bar coverage.

79.      Accordingly, The Hartford has no duty under the Policies to defend or indemnify Grunt Style for the claims against it in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.      A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT XV
### The Right Of Privacy Created By Statute Exclusion Bars Coverage

80.      The Hartford incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

81.      The Right Of Privacy Created By Statute Exclusion in the Policies bars coverage for "personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act; however, the exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act.

82.      To extent there is any "personal and advertising injury" at issue in the Underlying Action, the Right Of Privacy Created By Statute Exclusion bars coverage.

2738118v.1

83.     Therefore, The Hartford has no duty under the "personal and advertising injury" coverage of the Policies to defend or indemnify Grunt Style for the claims against it in the Underlying Action.

WHEREFORE, Plaintiffs, Hartford Underwriters Insurance Company and Hartford Casualty Insurance Company, pray this Court enter the following relief:

A.     A declaration finding The Hartford owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT XVI
## The Minimum Data Security Standards Exclusion Bars Coverage

84.     Hartford Underwriters incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

85.     The Minimum Data Security Standards Exclusion in the Policy bars coverage for "loss" arising out of a failure to comply with any state, federal or self-regulatory requirement around minimum data security standards or requirements.

86.     To extent there is any "loss" at issue in the Underlying Action, the Data Breach coverage's Minimum Data Security Standards Exclusion bars coverage.

87.     Therefore, Hartford Underwriters does not owe any defense or indemnity obligations to Grunt Style under the Data Breach coverage of the Policy for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Underwriters Insurance Company, pray this Court enter the following relief:

A.     A declaration finding Hartford Underwriters owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Policy; and

B.   For all such just and equitable relief, including costs of this suit.

**COUNT XVII**
**The Umbrella Policy's Personal And Advertising Injury Exclusion Bars Coverage**

88.   Hartford Casualty incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

89.   The Personal and Advertising Injury Exclusion in the Umbrella Policy bars coverage for "personal and advertising injury."

90.   However, the Personal and Advertising Injury Exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance," but in no event shall any "personal and advertising injury" coverage provided under the Umbrella Policy apply to any claim or "suit" to which "underlying insurance" does not apply.

91.   To extent there is any "personal and advertising injury" at issue in the Underlying Action, the Personal and Advertising Injury Exclusion in the Umbrella Policy bars coverage because the Policy does not provide coverage for the Underlying Action.

92.   As such, Hartford Casualty does not owe any defense or indemnity obligations to Grunt Style under the Umbrella Policy for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays this Court enter the following relief:

A.   A declaration finding Hartford Casualty owes no duty to defend or indemnify Grunt Style for the claims against it in the Underlying Action under the Umbrella Policy; and

B.   For all such just and equitable relief, including costs of this suit.

2738118v.1

Respectfully Submitted,

By: /s/ Mark J. Sliwinski_____
           One of the Attorneys for Hartford
           Underwriters Insurance Company and
           Hartford Casualty Insurance Company

Michael J. Duffy (6196669) – michael.duffy@wilsonelser.com
Mark J. Sliwinski (6314019) – mark.sliwinski@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

35

2738118v.1